## TURNER *v.* McILHANY.

An insolvent's discharge under the statute must be by the judgment of the Court, and in the same county in which the proceeding was instituted.
A discharge made in Chambers by the District Judge in the same District, but in another county from that in which the proceedings were instituted, is no defence to an action against the insolvent. Objections which go to the jurisdiction may be properly taken on trial.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

Action on a promissory note against several defendants. Some of the defendants plead a discharge in insolvency, and on the trial offered in evidence their discharge as insolvent debtors. The record shows that the proceedings in insolvency were instituted in the District Court of the Tenth Judicial District, in and for the County of Yuba, and the decree in insolvency is also so entitled, but purports to have been made as set forth in its closing words, as follows: " Made at Cham-

bers, in the city of Nevada, in the county of Nevada, and State of California, in the Tenth Judicial District of said State, the third day of April, 1854," and is signed by the District Judge of that District, in which the counties of Yuba and Nevada are both comprised. The Court admitted the decree of insolvency in evidence, under the plaintiff's exception. Judgment was rendered for defendants, and plaintiff appealed.

*Stephen J. Field* for Appellant.

No brief on file for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The Court below erred in admitting the decree in insolvency in evidence. It purports upon its face to have been made at Chambers in a different county from the one in which the proceeding was instituted. A discharge under the Insolvent Act is not a mere Chamber order, but the judgment of a Court, and should have been made in the county where the proceeding was instituted, unless changed to another by order of Court.

This objection goes to the jurisdiction, and could properly be raised on the trial below. Judgment reversed and new trial ordered.